IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY DEON JOHNSON, TDCJ #1771843, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-13-2128 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## **MEMORANDUM AND ORDER**

The petitioner, Anthony Deon Johnson (TDCJ #1771843), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Johnson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

**I.    BACKGROUND**

Johnson indicates that he was convicted on February 9, 2012, pursuant to his guilty plea to a charge of possession with intent to delivery in cause number 11-05-

05798-Cr. The 221st District Court of Montgomery County, Texas, accepted Johnson's guilty plea and sentenced him to serve fifteen years in prison. He is currently incarcerated at the Larry Gist State Jail in Beaumont, Texas. Johnson did not appeal. Likewise, he did not challenge his guilty plea by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure before filing his federal petition for a writ of habeas corpus in the Beaumont Division of the Eastern District of Texas. The United States Court for the Eastern District of Texas transferred the petition to the Southern District of Texas because Montgomery County is located in the Southern District.

In a petition dated May 14, 2013, Johnson seeks a writ of habeas corpus to challenge his conviction under 28 U.S.C. § 2254. Johnson contends that he is entitled to relief because, "I did not sell no CI or possessed a controlled substance and my name is not 500" [Doc. #1, p. 6]. Johnson previously filed a section 2254 habeas petition challenging the same state court conviction. That petition was dismissed *sua sponte* for failure to exhaust state court remedies. *Johnson v. Thaler,* Civil No. H-13-1524 (S.D. Tex. May 30, 2013).

Johnson concedes in his federal petition that he has not raised these claims in state court and that the Texas Court of Criminal Appeals has not addressed the issues that he now attempts to present in federal court. However, the Court of Criminal

Appeals website indicates that an Article 11.07 state habeas corpus application was filed with that court on July 1, 2013, and that application is still pending in that court. http://www.cca.courts.state.tx.us/opinions/CaseSearch.asp. Because the state's highest court of criminal jurisdiction has not yet completed its review of that application, the pending federal petition must be dismissed for reasons that follow.

## II.    EXHAUSTION OF REMEDIES

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C.

§ 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*.  *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts."  *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may challenge a conviction by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

4

This court should not adjudicate a federal writ application while there are any habeas claims under review by the state courts. *See Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993) ("Because Deters' state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process."). The Texas courts have a "rule of habeas abstention" which prevents state review of the merits of a writ of a habeas corpus application while a petition seeking the same relief is pending in the federal courts. *May v. Collins*, 948 F.2d 162, 168 -169 (5th Cir. 1991); *see also Williams v. Bailey*, 463 F.2d 247, 248 (5th Cir. 1972) ("federal disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids"). Johnson has rightfully sought review in the state courts and must wait until the state courts issue a decision. *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 769 (5th Cir. 2004) (citing *Carey v. Saffold*, 536 U.S. 214, 222, 122 S.Ct. 2134 (2002)).  He cannot be allowed to circumvent the state system and seek relief in federal court without allowing the state courts an opportunity to rule on his claims. *See Graham v. Collins*, 94 F.3d 958, 969 (5th Cir. 1996); *Deters,* 985 F.2d at 792-794. *See also Bryant v. Bailey*, 464 F.2d 560, 561 (5th Cir. 1972).  If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss it. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998).

The pleadings and the available records plainly show that the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending petition. Because this state process remains available, Johnson does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims. It follows that the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

### III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898

(5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV.  CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on <u>July 30,</u>2013.

_____
Nancy F. Atlas
United States District Judge